STEVENSON, J.
Randolph Canion was tried by jury and convicted of delivery of marijuana. On appeal, Canion contends, and we agree, that the trial judge erred in allowing the introduction of evidence of a collateral crime. Because the admission of this evidence was not harmless, we reverse Can-ion’s conviction and remand for a new trial.
Appellant was tried on a single charge of delivery of marijuana contained in four baggies and sold to an undercover detective during a “buy-bust” operation. At trial, Detective Randy Gresham testified that while working undercover, he saw Canion make a drug sale while standing near an apartment building. Gresham then walked up to Canion and said that he needed four sacks of marijuana. Canion retrieved four pre-packaged bags of marijuana from a Coca-Cola cup that was on *81 the edge of the sidewalk near a stairway. After giving Canion twenty dollars, Gresham got in his car and drove away. An hour or two after the delivery, other officers returned to arrest Canion for the offense and found him in the same location outside the apartment. The Coca-Cola cup was recovered with fourteen additional pre-packaged marijuana bags inside. The marked twenty dollar bill was not recovered.
Appellant was not charged with possession of the fourteen bags of marijuana found in the cup, but only with delivery of the four bags of marijuana to Gresham. At trial, appellant objected to the State’s introduction of the fourteen bags of marijuana on the basis that they were impermissible evidence of a collateral crime.
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
§ 90.404(2)(a), Fla. Stat. (2000). See also Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
The State argued that it was seeking to introduce the fourteen bags of marijuana only because this evidence was “inextricably intertwined with” and “necessary to describe” the transaction in question.
[EJvidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not Williams rule evidence. It is admissible under section 90.402 because “it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.”
Griffin v. State, 639 So.2d 966, 968 (Fla.1994)(quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)), cert. denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
Here, the State could have easily presented its case against appellant for delivery of the initial four bags of marijuana without reference to the marijuana that was found in his constructive possession at the time of the arrest. The evidence of appellant’s subsequent possession of marijuana was extraneous to the crime with which he was charged. At trial, the State did not advance the Williams rule as a reason to introduce this evidence, so on appeal, we decline to address its possible applicability. Therefore, we find that the trial court abused its discretion in accepting the State’s argument that the additional fourteen bags of marijuana discovered in the Coca-Cola cup at the time of appellant’s arrest were “inextricably intertwined with” the presentation of the prosecution’s case-in-chief. We conclude that, under the facts of this case and the issues as they have been framed to this court, the introduction of evidence that appellant may have been in constructive possession of drugs at the time of his arrest served no purpose other than to show bad character and propensity to commit a similar offense. See § 90.404(2)(a), Fla. Stat. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
FARMER and SHAHOOD, JJ„ concur.